
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ELIDA DONIS HERNANDEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    19-72452

Agency No. A215-547-172

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2022**
San Francisco, California

Before:  BYBEE, CALLAHAN, and COLLINS, Circuit Judges.***

Petitioner Elida Donis Hernandez is a citizen of Guatemala who entered the

United States in 2018.  She seeks relief from denial of her applications for asylum,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\* Judge Collins joins the opinion except as to Part 1.

withholding of removal, and protection under the Convention Against Torture by an immigration judge that was affirmed by the Board of Immigration Appeals. The agency determined that Donis Hernandez failed to establish eligibility for relief because her proposed particular social group was overly broad and not legally cognizable, she failed to establish a nexus between her alleged persecution and a protected ground, she had not demonstrated that she was tortured or physically harmed in Guatemala or that the government was unable or unwilling to protect her, and she failed to establish she could not reasonably relocate to avoid harm. Donis Hernandez argues that the agency erred.

Where the BIA agrees with the IJ's decision and supplements its own analysis, we review both agency decisions. *See, e.g.*, *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016); *see also Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008) (looking to the Immigration Judge's decision "as a guide to what lay behind the BIA's conclusion[s]" (quoting *Kozulin v. INS*, 218 F.3d 1112, 1115 (9th Cir. 2000))). We review the agency's factual findings for substantial evidence. *See Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010). A petitioner contending that the BIA's findings are erroneous must establish that the evidence not only supports that conclusion, but compels it. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) ("A finding by the IJ is

2

not supported by substantial evidence when any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record." (cleaned up) (quoting *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014))).

1. Petitioner's arguments regarding asylum and withholding are waived. Donis Hernandez fails to meaningfully challenge two of the agency's dispositive findings: (1) relocation in Guatemala is a reasonable possibility; and (2) there is no nexus between a recognized protected ground and her claimed and feared harm. Both the internal relocation finding and nexus findings are dispositive. *See INS v. Ventura*, 537 U.S. 12, 18 (2002) ("[A]n individual who can relocate safely within his home country ordinarily cannot qualify for asylum."); *Melkonian v. Ashcroft*, 320 F.3d 1061, 1069 (9th Cir. 2003) ("[T]he IJ may deny eligibility for asylum to an applicant who has otherwise demonstrated a well-founded fear of persecution where the evidence establishes that internal relocation is a reasonable option under all of the circumstances."); *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) ("The lack of a nexus to a protected ground is dispositive of his asylum and withholding of removal claims.").

Petitioner's Opening Brief states that the BIA erred in "finding that Petitioner's persecution was not on account of a protected ground." But there is insufficient argument to accompany this assertion.

3

2. Even if we were to determine that Donis Hernandez sufficiently challenges the agency's finding of no nexus between her fear of persecution and her religion or her alleged particular social group of "humble chaste devote women who based on her religious beliefs do not believe in premarital sex," the BIA's decision is supported by substantial evidence.

Petitioner claimed that her former boyfriend threatened to kill her if she did not have sex with him, despite her Christian beliefs against pre-marital sexual relations. But no evidence supports that her boyfriend's motivation was her religion or any other protected ground, rather than his desire to have sex with her.

3. Under CAT, it is the petitioner's burden to establish that "it is more likely than not" that she will be tortured if she returns to Guatemala, either by government officials or with government officials' acquiescence. 8 C.F.R. § 1208.16(c)(2); *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014). She must show a "particularized threat" of torture. *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (emphasis omitted) (quoting *Lanza v. Ashcroft*, 389 F.3d 917, 936 (9th Cir. 2004)). Petitioner is not entitled to CAT protection if her claims of possible torture are speculative. *See, e.g.*, *Blandino-Medina v. Holder*, 712 F.3d 1338, 1348 (9th Cir. 2013) (finding a "series of worst-case scenarios" insufficient to compel the conclusion that petitioner was more likely than not to be

tortured upon return to his country); *Zheng v. Holder*, 644 F.3d 829, 835–36 (9th Cir. 2011).

The agency permissibly concluded that Donis Hernandez failed to show that she was or would be tortured by or with the acquiescence of a public official. The agency noted that she was never physically harmed in Guatemala; the country conditions evidence indicated Guatemalan authorities are taking concrete steps to battle violence against women; and she experienced a single, unfulfilled threat from her former boyfriend.

Substantial evidence supports the agency's determination that Petitioner failed to demonstrate that she had suffered torture in the past or that it would be more likely than not that she would suffer torture if she returned to Guatemala.

**PETITION DENIED**